STATE, APPELLANT, *v.* NORTHRUP, RESPONDENT.

[Submitted October 23, 1893.    Decided October 24, 1893.]

COSTS—*Appeal by state.*—The clerk of the supreme court is not required to file the transcript on an appeal by the state in a criminal case without the payment, in advance, of the docket fee of ten dollars, required by the act of March 6, 1891, to be collected, in advance, from an appellant, and the county wherein the prosecution was had is chargeable with the payment thereof.

*Appeal from Sixth Judicial District, Park County.*

On motion of the attorney general for an order requiring the clerk of the supreme court to file the transcript in an appeal by the state without first receiving the fee therefor. Denied.

*Henri J. Haskell, attorney general, H. J. Miller,* and *Allen R. Joy,* for the motion.

*Campbell & Stark, contra.*

PER CURIAM.—In this case the attorney general moves this court for an order requiring the clerk to receive and file the appeal herein prosecuted by plaintiff without collecting the fee provided by section 2 of the act of March 6, 1891 (2 State Sess. Laws, p. 208.) That provision of the statute requires the clerk of this court to collect in advance from appellant a docket fee of ten dollars, on filing the transcript.

The various counties of this state are charged with the duty of prosecuting all criminal cases arising in their respective jurisdictions, and in such cases the law provides that the county wherein the prosecution is had shall pay the costs and expenses thereof; of course, subject, ultimately, to be collected from the defeated party.

This prosecution was instituted in Park county, and an appeal was taken by the prosecution. There is no doubt that said county is chargeable with the payment of the fees provided to be collected by the clerk of this court on filing the record. The attorney general points out section 517, Code of Civil Procedure, and insists that under that section no fees can be required, in advance, from those prosecuting this appeal. That section, so far as it applies to the collection of fees by the clerk of this court, is modified by the act of 1891, cited *supra*, which requires the clerk to collect said fees in advance. That requirement is made more imperative by section 3 of said act of 1891, which provides that the clerk shall charge himself with, and account for, the "full amount" of all such fees as are provided by section 2 of the same act to be collected by him, and pay the same into the state treasury. He is under bond so to do.

The order moved for is denied.

HARWOOD and DEWITT, JJ., concur.